UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAURA L. MARTIN,

                              Plaintiff,

        v.                                                    Case # 19-CV-406-FPG
                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Plaintiff Laura L. Martin brings this action pursuant to Title II of the Social Security Act seeking review of the denial of her application for Disability Insurance Benefits ("DIB").

Plaintiff protectively applied for DIB on June 25, 2015, alleging disability since January 21, 2015 due to a right rotator cuff tear, sciatica, and chronic arthritis in her shoulders, neck, and hands. Tr.[1] 174, 200. After the Social Security Administration ("SSA") denied her application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 35-92. On February 9, 2018, the ALJ issued an unfavorable decision. Tr. 15-25. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court. Tr. 1-5; ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 13. For the following reasons, Plaintiff's motion (ECF No. 9) is DENIED, the Commissioner's motion (ECF No. 13) is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

**LEGAL STANDARD**

**I.      District Court Review**

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.     Disability Standard**

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. § 416.920.

**DISCUSSION**

**I.      The ALJ's Decision**

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has several severe impairments: chronic arthritis of the shoulder, neck and hands; right rotator cuff tear; obesity; biceps tendinitis; AC joint and glenohumeral arthritis; osteoarthrosis primary, shoulder region; arthropathy, unspecified multiple sites; osteoarthrosis first metacarpal joints, bilateral hands and bilateral knee osteoarthritis. Tr. 17. At step three, the ALJ found that none of Plaintiff's impairments meet or medically equal the criteria of any Listings impairment and determined that Plaintiff retains the RFC to perform sedentary work with additional exertional restrictions, including, as relevant here, that Plaintiff can only occasionally reach overhead with her right arm. Tr. 18-24. At step four, the ALJ found that Plaintiff can perform her past relevant work as a data entry supervisor. Tr. 24-25. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 25.

**II.    Analysis**

  **A. Right Shoulder Impairment**

Plaintiff first argues that substantial evidence does not support the ALJ's RFC determination that Plaintiff can occasionally reach overhead and in all other planes with her right arm. In particular, she argues that the ALJ's reliance on the opinion of consultative examiner Asha Mallesh, M.D., who found that Plaintiff has "moderate" limitations in reaching overhead with her right arm, was erroneous because the term "moderate" is "so vague as to render it useless." ECF No. 9-1 at 15 (citing *Curry v. Apfel*, 209 F.3d 117, 123-24 (2d Cir. 2000) (finding that consultative examiner's opinion that used the terms "moderate" and "mild"—without additional information— was insufficient to permit ALJ to support ALJ's RFC determination).

However, "[m]any district courts, including this one, have subsequently declined to accept disability-plaintiffs' arguments that *Curry* established a bright-line rule that terms such as 'moderate' are too vague to constitute substantial evidence, and have distinguished *Curry* on its facts." *Reid v. Comm'r of Soc. Sec.*, No. 18-CV-6042 CJS, 2019 U.S. Dist. LEXIS 87071, at *27-28 (W.D.N.Y. May 23, 2019) (collecting cases).  Indeed, courts have found *Curry* to be inapplicable where, as here, the consultative "examiner conducts a thorough examination and explains the basis for the opinion." *Id.* at *28 (citation omitted); *see also Quintana v. Berryhill*, No. 1:18-cv-00561 (KHP), 2019 U.S. Dist. LEXIS 45101, at *46-47 (S.D.N.Y. Mar. 19, 2019) ("[C]ourts in this district have held that a medical source's use of the terms 'mild' or 'moderate' to describe a claimant's impairments does not automatically render their opinion vague as long as the opinion contains objective medical findings to support their conclusion.").

Here, Dr. Mallesh examined Plaintiff and noted that her right shoulder's forward elevation and abduction was limited to 90 degrees, but that she otherwise had a full range of motion of her right shoulder; a full range of motion of both elbows, forearms, and wrists; full strength in all extremities; full grip strength in both hands, and intact hand and finger dexterity.  Tr. 304.  Where, as here, an examiner's opinion is "based on clinical findings and on an examination of the claimant, the conclusion can serve as an adequate basis for the ALJ's ultimate conclusion." *Evans v. Berryhill*, No. 18-CV-6758-HKS, 2020 U.S. Dist. LEXIS 53284, at *16 (W.D.N.Y. Mar. 26, 2020) (quoting *Rosenbauer v. Astrue*, No. 12-CV-6690P, 2014 U.S. Dist. LEXIS 117519, at *42 (W.D.N.Y. Aug. 22, 2014)).

Accordingly, the Court finds that Dr. Mallesh's opinion constitutes substantial evidence supporting the ALJ's RFC determination that Plaintiff can perform sedentary work with the additional limitation of only occasionally reaching overhead with her right arm. *See Jennifer Lee W. v. Berryhill*, No. 5:18-CV-64 (DJS), 2019 U.S. Dist. LEXIS 43533, at *14-15 (N.D.N.Y. Mar.

4

18, 2019) ("[A] moderate limitation is not inconsistent with a finding that an individual can engage in frequent, but not constant activity."); *Silsbee v. Comm'r of Soc. Sec.*, No. 3:14-CV-345 (GTS/ATB), 2015 U.S. Dist. LEXIS 96798, at *39 (N.D.N.Y. May 4, 2015) ("'Moderate' limitations in lifting and carrying would be consistent with an ability to lift and/or carry ten pounds occasionally and less than ten pounds frequently."); *Vargas v. Astrue*, No. 10 Civ. 6306 (PKC), 2011 U.S. Dist. LEXIS 78819, at *37 (S.D.N.Y. July 20, 2011) (finding moderate limitations on lifting, carrying, and handling objects consistent with ability to perform light work).

    **B. Obesity**

Plaintiff also argues that the ALJ erroneously failed to account for her obesity in her RFC determination.  Again, the Court disagrees.

The ALJ's decision demonstrates that the ALJ took Plaintiff's obesity into account.  The ALJ found Plaintiff's obesity to be a severe impairment at step two.  Tr. 17.  She considered Plaintiff's obesity in evaluating the Listings at step three.  Tr. 18.  And at step four, the ALJ cited Plaintiff's obesity among the medical findings made by Dr. Mallesh and Plaintiff's treating physician, Thomas DeGrave, D.O.  Tr. 21, 22, 23.  *See Vasquez v. Berryhill*, No. 16 Civ. 6707 (AJP), 2017 U.S. Dist. LEXIS 66018, at *60 (S.D.N.Y. May 1, 2017) ("The Court finds that Vasquez's obesity was appropriately accounted for because Dr. Fkiaras' opinion, on which ALJ Walters relied, noted Vasquez's weight and provided a detailed discussion of her overall physical limitations.").

Further, neither Dr. Mallesh nor Dr. DeGrave attributed any specific limitations to Plaintiff's obesity.  Plaintiff argues that the ALJ ignored Dr. DeGrave's statement that Plaintiff's morbid obesity disqualified her for surgery and argues that "[i]f Plaintiff's obesity is so severe as to prevent her from safely undergoing surgery, it clearly causes her significant limitations in physical functioning." ECF No. 9-1 at 19.  But the ALJ accounted for the significant limitations

in Plaintiff's physical functioning by limiting her to sedentary work with additional exertional limitations.  "Plaintiff has not identified any restrictions allegedly associated with her obesity that are not accounted for in the ALJ's RFC finding, nor does the medical evidence of record support any such additional restrictions. Under these circumstances, Plaintiff has failed to demonstrate that the ALJ's assessment of her obesity was improper or erroneous." *Smith v. Berryhill*, No. 1:15-cv-00795-MAT, 2018 U.S. Dist. LEXIS 26171, at *8 (W.D.N.Y. Feb. 16, 2018).

Finally, in light of the evidence that Plaintiff stopped working specifically because of her right should injury and her own reports that she could perform activities of daily living including doing household chores, small loads of laundry, taking care of her dogs, shopping in stores, handling finances, and climbing stairs, Tr. 210-215, the Court finds that the ALJ appropriately accounted for Plaintiff's obesity in her RFC determination.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED, and Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 30, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court